■ TEXACO, INC., Appellant, v. GREENWICH-KINNEY, INC., et al., Respondents.— Judgment, Supreme Court, New York County, entered January 13, 1972 following nonjury trial, modified on the law and on the facts, with $50 costs and disbursements to the appellant, to strike all the paragraphs of the judgment excepting only the third decretal paragraph providing for dismissal of the fourth counterclaim of defendants; judgment directed in favor of plaintiff declaring that the operation of a car wash on the leased premises is not a purpose incidental to the use of a parking lot as provided for in the sublease by plaintiff to defendant Greenwich-Kinney, Inc., that the defendants have not established the right to the use by them, or by either of them, of the leased premises for the operation of a car wash and that the refusal of the plaintiff to consent to a proposed assignment of its sublease with defendant Greenwich-Kinney, Inc., contemplating such an operation by the assignee, was justified, but further declaring that the plaintiff is not entitled to a cancellation of the said lease or to the restoration of possession of the premises; and judgment affirmed as to the dismissal of the fourth counterclaim of defendants. The trial court properly concluded that the operation of a car wash on the demised premises was not a use incidental to the agreed parking lot purpose. It should be further noted that the assignment of the sublease by Greenwich-Kinney to defendant Black Hawk Rock Corp. was canceled by the parties and that, on the argument of the appeal, counsel for plaintiff limited its claim for relief to a declaration that a car wash operation on the premises was not authorized. The sublease provided for the use of the demised premises " only for the parking of the automobiles of the general public and any lawful purpose incidental to such use; provided, however, that in the event any circumstance beyond Tenant's control shall prevent Tenant from so using the demised premises profitably, Tenant may thereafter, during the initial and any extended term hereof for so long as such circumstance exists, use the premises for any other lawful purpose ". The defendants, however, failed to establish that due to " any circumstance beyond the Tenant's control " they were prevented from " using the demised premises profitably " for the permitted parking lot use. The burden of proof placed upon them was not satisfied by the evidence merely that the tenant (Greenwich-Kinney), as a corporation, did sustain net losses for a period of five years in its parking lot operations on the premises. Evidence as to the details of the particular operations and of similar and customary operations during this five year period was not given and, so far as the record is concerned, the net losses sustained by Greenwich-Kinney, Inc., in its particular operations may have resulted from unsuitable methods of operation or inefficient management. In any event, the record lacks satisfactory proof that the Greenwich-Kinney net losses in the parking lot operations were due to circumstances beyond its control. Furthermore, it appears that the defendant Black Hawk, which is operating the parking lot business under an agreement with Greenwich-Kinney, dated November 1, 1969 (designated by the defendants as a " Management Agreement "), would now be operating the premises profitably as a parking lot were it not for the $6,500 annual fees which are required to be paid by Black Hawk to Greenwich-Kinney over and above the rental payable to plaintiff by Greenwich-Kinney. Actually, notwithstanding the confusing and conflicting terms of the said so-called " Management Agreement ", the use of the premises thereunder by Black Hawk constitutes an independent undertaking by it by which Greenwich-Kinney receives stipulated monthly payments to cover the amount of monthly rent payable by the latter to plaintiff plus an additional amount, thereby assuring Greenwich-Kinney of a profit

whether or not a car wash is installed. In summary, defendants failed to establish a case for any relief in their favor as requested by their counterclaims, and the record justifies the declaratory relief as heretofore noted. Concur — Murphy, Steuer and Eager, JJ.; Stevens, P. J., and Capozzoli, J., dissent and would affirm on the opinion of Justice Fraiman at Trial Term. [68 Misc 2d 817.]